IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.M.D., | : | No. 3:26cv1261 |
|         **Petitioner** | : | |
| | : | **(Judge Munley)** |
| | : | |
|     v. | : | |
| | : | |
| **CRAIG LOWE in his official capacity** | : | |
| **as Warden, Pike County Correctional** | : | |
| **Facility; MICHAEL ROSE in his** | : | |
| **official capacity as Acting** | : | |
| **Philadelphia Field** | : | |
| **Office Director, United States** | : | |
| **Immigration and Customs** | : | |
| **Enforcement; TODD LYONS in his** | : | |
| **official capacity as Acting Director of** | : | |
| **Immigration and Customs** | : | |
| **Enforcement; MARKWAYNE MULLIN** | : | |
| **in his official capacity as Secretary of** | : | |
| **the Department of Homeland** | : | |
| **Security; THE U.S. DEPARTMENT OF** | : | |
| **HOMELAND SECURITY; TODD** | : | |
| **BLANCHE in his official capacity** | : | |
| **as Acting Attorney General of the** | : | |
| **United States,** | : | |
|         **Respondents** | : | |

## <u>MEMORANDUM ORDER</u>

Before the court is a petition for writ of habeas corpus filed by M.M.D.

pursuant to 28 U.S.C. § 2241. (Doc. 1, Pet. ¶¶ 8, 10).  Petitioner challenges his

present detention at the Pike County Correctional Facility ("Pike CCF") by

Immigration and Customs Enforcement ("ICE") and the Department of Homeland

Security ("DHS"). (Id. ¶¶ 13, 37).   For the reasons set forth below, the petition will be granted, and M.M.D. will be released.[1]

M.M.D. is a native and citizen of Guinea. (Doc. 5-2, Resp. Ex. 1, Form I-213 at 4).   He is unmarried and has no children. (Doc. 1-5, Pet. Ex. D, Asylum App. at ECF p. 5).   With respect to his employment, M.M.D. provides no information about his employment history and DHS records indicate that petitioner is "Unemployed or Retired."  (Doc. 5-2, Resp. Ex. 1, Form I-213 at 4).

Petitioner entered the United States of America on or about January 22, 2024 near Lukeville, Arizona without having been admitted or paroled. (Doc. 5-2, Resp. Ex. 1, Form I-213 at 5).   Upon entry, petitioner was encountered by the United States Border Patrol. (Id.)  After processing, M.M.D. was released on his own recognizance. (Id.)  Petitioner was also issued a Notice to Appear scheduling a hearing before an Immigration Judge ("IJ") on December 11, 2025. (Doc. 5-3, Resp. Ex. 2, Notice to Appear at 1).

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  M.M.D. filed the instant petition while detained at the Pike CCF in Lords Valley, Pennsylvania, which is located in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention.  Thus, the court has habeas jurisdiction over the petition.  Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

On December 9, 2024, M.M.D. filed a Form I-589, Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture. (Doc. 1-5, Pet. Ex. D, Asylum App. at ECF p. 4). In that application, petitioner asserted that he has been subject to political persecution in his home country as a result of his pro-democracy views and speech critical of the military regime controlling Guinea's government. (Id.) Petitioner further maintained that. If returned, he fears that he would be tortured or killed. (Id. at ECF p. 8).

At the same time, M.M.D. acknowledges in his submissions that he entered the United States without being admitted or paroled following inspection by an Immigration Officer. (Doc. 1, Pet. ¶ 16). Petitioner further concedes his removability under Section 212(a)(6)(A)(i) of the INA. (Id. ¶ 20).

On September 16, 2025, petitioner appeared for a scheduled check-in at the ICE Enforcement and Removal Operations office in Philadelphia. (Doc. 5-2, Resp. Ex. 1, Form I-213 at 5). At his scheduled check-in, ICE arrested petitioner and detained him, initially at Moshannon Valley Processing Center. (Id.; Doc. 1-14, Ex. M., Alien Address at 1).

Thereafter, an IJ scheduled M.M.D. for a WebEx hearing on October 2, 2025. (Doc. 1-5, Ex. H., Hearing Notice at ECF p. 2).  The immigration court later scheduled the matter for another hearing on October 29, 2025. (Id. at ECF p. 4).

Based on the record, a breakdown in the attorney-client relationship between M.M.D. and his former counsel led counsel to withdraw from the immigration proceedings. (Doc. 1-10, Ex. I, Motion to Withdraw at ECF pp. 3, 5; Ex. I, IJ Order at ECF p. 8).  As a result, M.M.D. maintains that he was unable to secure substitute counsel in sufficient time to adequately prepare and present his asylum claim. (Doc. 1, Pet. ¶ 32).  According to M.M.D., the IJ continued the proceedings until November 10, 2025.  On that date, the IJ denied M.M.D.'s application for asylum and ordered him removed to Guinea. (Doc. 1-11, Ex. J, Removal Order at ECF pp. 4, 6).

On December 8, 2025, through newly retained counsel, petitioner timely appealed the removal order to the Board of Immigration Appeals ("BIA"). (Doc. 1-12, Ex. K, BIA Appeal Receipt, at ECF p. 2; Ex. K, Notice of Appeal at ECF p. 6). That appeal remains pending.[2]

With his petition for writ of habeas corpus, M.M.D. argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. §

---

[2] See Executive Office for Immigration Review ("EOIR") Automated Case Information at: https://acis.eoir.justice.gov/en/ (last accessed June 22, 2026).

1225(b)(2)(A), a mandatory detention statute. Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute. Petitioner further argues that, due to this misclassification, his due process rights are being violated because he has not been provided with a bond hearing. Petitioner requests his immediate release from detention.[3] (See Doc. 1, Pet. ¶ 93).

On behalf of respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment.[4] Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This

---

[3] Petitioner further contends that respondents acted arbitrarily and capriciously, in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. §706(2), by detaining him without considering the foreseeable impact that detention would have on his pending protection claims, access to counsel, and ability to gather evidence. (Doc. 1, Pet. ¶ 113). Because the court concludes that M.M.D. is being detained under the wrong provision of the INA, it need not address this claim.

[4] Respondents contend that the only proper respondent is Craig Lowe, the Warden of Pike CCF. (Doc. 5, Resp. Br. at 18). Here, consistent with Padilla, M.M.D. has named the Warden as a respondent. 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent."). Because petitioner has named a proper respondent, the court need not determine whether the remaining respondents should be dismissed.

To the extent that Craig Lowe is the only proper respondent in this matter, Lowe is acting as an agent of ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, and the Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[5] See Cunha v. Freden, No. 25-3141-PR, --- F. 4th ----, 2026 WL 1146044, at *4, *14–23 (2d Cir. Apr. 28, 2026); Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *5–20 (11th Cir. May 6, 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, --- F. 4th ----, 2026 WL 1223250, at *9–21 (7th Cir. May 5, 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge). The respondents indicate their awareness of these prior outcomes. (Doc. 5, Resp. Br. at 2) (collecting cases). The court thus reads the response as not

---

[5] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, No. 3:25-CV-2276, --- F. Supp. 3d ----, 2025 WL 3537279, at *5 (M.D. Pa. Dec. 10, 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

contesting the facts of M.M.D.'s petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Cunha, Lopez-Campos, or its prior decisions.[6]  Although M.M.D. entered the country without being admitted or paroled, he was later released on his own recognizance.  Because the parties frame M.M.D.'s detention as governed solely by these two statutory provisions, the court concludes that Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention.[7]

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a).  However, pending a removal decision, the noncitizen also may be released on bond or conditional

---

[6] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

[7] M.M.D. is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Cunha, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026).  Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

7

parole following an individualized hearing before an immigration judge. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised in M.M.D. 's petition, it is undisputed in this case that he entered the United States illegally without being initially admitted or paroled.  People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

M.M.D. has been in ICE custody for nearly nine months.  "No person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V.  "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting)

8

("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that M.M.D.'s continued imprisonment at Pike CCF pursuant to a mandatory detention statute violates his constitutional rights.[8] The record contains no evidence that M.M.D. has committed any criminal offense. To the contrary, the record reflects that M.M.D. has "no previous criminal history and does not have any outstanding wants or warrants." (Doc. 5-2, Resp. Ex. 1, Form I-213 at 5). In response to the petition, the government has provided no information suggesting

---

[8] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted). Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409 (D.N.J. 2025)); Quispe, 2025 WL 3537279 at *7. As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

that M.M.D. is either a danger to the community or a flight risk. Indeed, upon entry into this country, the government released the petitioner on his own recognizance. That will happen again today.

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). M.M.D.'s continued detention without bond under Section 1225(b)(2)(A) violates his due process rights. The circumstances presented here demonstrate that release is the appropriate remedy. Therefore, respondents shall immediately release M.M.D. from custody because he has been unlawfully detained without the opportunity for a bond hearing. See Kashranov v. Jamison, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *8 (E.D. Pa. Nov. 14, 2025) (Wolson, J).

Respondents will be temporarily enjoined from re-arresting M.M.D. for a period of seven days to ensure the effectiveness of the habeas remedy. Id. Respondents, including ICE, may not impose additional conditions on M.M.D.'s release, including any form of body-worn electronic monitoring.[9]

---

[9] M.M.D.'s request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 is not yet ripe for disposition. The Third Circuit recently confirmed that a habeas proceeding challenging immigration detention under 28 U.S.C. § 2241 is a "civil action" for purposes of EAJA Section 2412(d)(1)(A) and that the EAJA "unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 432 (3d Cir. Feb. 2, 2026). M.M.D. will thus be

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) M.M.D.'s petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) M.M.D.'s detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;

3) Respondents shall **immediately** release M.M.D. from their custody;

4) On or before **June 29, 2026 at 12:00 noon**, respondents shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that M.M.D. has been released;

5) Respondents shall release M.M.D. under the same conditions that existed prior to his detention, including release: (1) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); (2) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (3) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

---

permitted to file a motion for costs and fees pursuant to the EAJA within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.).

6) Respondents are temporarily enjoined from re-arresting M.M.D. for a period of 7 days to ensure that this habeas remedy is effective; and

7) The Clerk of Court is directed to **CLOSE** this case.

Date: ___6/22/26___

BY THE COURT:

_____

**JUDGE JULIA K. MUNLEY**
**United States District Court**

12